NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAVIER GONZALEZ-SANDOVAL, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Crim. Action No. 07-756 |
| UNITED STATES OF AMERICA, | : | Civil Action No. 2:10-CV-04963-DMC |
| | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Petitioner, Javier Gonzalez-Sandoval's

("Petitioner") motion to vacate, set aside, and correct his sentence pursuant to 28 U.S.C. § 2255.

Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the

submissions of the parties, and based upon the following, it is the finding of this Court that

Petitioner's motion to vacate, set aside, and correct his sentence is **denied**.

I. **BACKGROUND**[1]

On approximately April 28, 2006, while still in Columbia, Petitioner delivered roughly

six kilograms of cocaine in exchange for $12,700 in United States currency; at that time he was

---

[1]The facts asserted herein are taken from History of the Case attached to Petitioner's
Motion to Vacate, ECF No.1.

aware that the drugs were going to be smuggled into the United States. The recipient of the drugs was a confidential informant for the United States Federal Bureau of Investigation and based on this transaction Petitioner was arrested by Columbian authorities.

On September 17, 2007, a federal grand jury returned an eleven-count indictment charging Petitioner and others with numerous counts of money laundering and drug-related offenses. Count Eight of the indictment charged Petitioner with the intentional distribution of more than five kilograms of cocaine with knowledge that they would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959, 960(b)(1). Pursuant to an agreement with the United States Attorney's Office, Petitioner entered a plea of guilty to Count Eight of the indictment on August 10, 2009.

The Pre-Sentencing Report ("PSR") calculated that Petitioner had a base offense level of 27 and a criminal history score within category I resulting in an advisory Guidelines range of 70-87 months imprisonment.  On March 1, 2010, this Court conducted a sentencing hearing and sentenced Petitioner to 70 months imprisonment.

On January 6, 2011 the United States Court of Appeals for the Third Circuit rejected Petitioner's argument that the District Court erred in failing to decrease his sentence based on minimal role in the overall criminal scheme. The District Court's opinion was affirmed. Petitioner now seeks to vacate, set aside, and correct his sentence pursuant to 28 U.S.C. § 2255.

## II.    STANDARD OF REVIEW

This Court has jurisdiction pursuant to 18 U.S.C. § 3231. Jurisdiction is also secured pursuant to 28 U.S.C. § 1291.  Furthermore, District Courts have jurisdiction to review the reasonableness of a sentence pursuant to 18 U.S.C. § 3742(a)(1).

## III.   DISCUSSION

### A.   **Counsel's Performance**

Petitioner argues that his Sixth Amendment right to effective counsel was denied. Petitioner claims that his counsel failed to advance an argument requesting custody credit for an approximately eleven-and-one-half month period, during which Petitioner was incarcerated in Combita Prison, Columbia, prior to his extradition to the United States.

When a convicted defendant claims ineffective assistance outside of trial, the defendant must show that the counsel's performance was defective under a standard of objective reasonableness. Hill v. Lockart, 474 U.S. 52, 57 (1985).  Additionally, the defendant must show with a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. A reasonable probability should be sufficient to undermine confidence in the outcome. United States v. Hankerson, 496 F.3d 303, 310 (3d Cir. 2007).  "A Court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland v. Washington, 466 U.S. 668,  670 (1984).  When a defendant claims defective counsel influenced his decision to plead guilty he must also show that but for counsel's error the defendant would have insisted upon going to trial.  Hill, 474 U.S. at 58-59.

Here, Petitioner alleges counsel's failure to argue for an eleven-and-one-half-month sentencing credit is sufficient to satisfy the performance prong enumerated in Hill. Under 18 U.S.C.§ 3585(b), "[a] defendant shall be given credit toward service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence." However, the Supreme Court held the "computation of [§ 3585(b)] credit must occur after the defendant begins his sentence. A district

court, therefore, cannot apply § 3585(b) at sentencing." <u>United States v. Wilson</u>, 503 U.S. 329,

333 (1992). As the court lacked the authority to award credit for Petitioner's pretrial

confinement, failure to argue for it cannot reasonably be considered deficient representation.

Likewise, the court's lack of authority to grant § 3585(b) credit under Wilson precludes

Petitioner's claim that he was prejudiced by counsel's inaction.


## IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that Petitioner's motion to vacate, set

aside, and correct his sentence is **denied**.  An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:       September 19, 2012
Orig.:      Clerk
cc:         All Counsel of Record
            File